PLINY MOORE *vs.* EDWARD MOORE.

A promissory note may be given in evidence on the money counts, as well when the action is defended by subsequent attaching creditors as when it is defended by the original defendant.

ASSUMPSIT on the money counts. Property of the defendant was attached on the original writ, and he was defaulted in the court of common pleas, at the return term. Wilson, Butler & Co., creditors of the defendant, who had attached the same property after it was attached by the plaintiff, were admitted to defend, pursuant to the Rev. Sts. *c.* 90, § 83.

The plaintiff offered in evidence two promissory notes, payable to himself or bearer, on demand, signed by the defendant, copies of which had been filed in the case, as a bill of particulars, before the trial, but not until after said Wilson, Butler & Co. had been admitted to defend. These defending creditors objected to the admission of the notes in evidence under the money counts, "on the ground that, as against subsequent attaching creditors, it was introducing into the declaration a new cause of action." The court of common pleas overruled the objection, and admitted the notes in evidence. A verdict was returned for the plaintiff, and the defendant alleged exceptions.

*Porter,* for the subsequent attaching creditors, cited *Peirce* v. *Partridge,* 3 Met. 49 ; *Fairfield* v. *Baldwin,* 12 Pick. 388 ; *Hodges* v. *Holland,* 16 Pick. 395 ; *Adams Bank* v. *Anthony,* 18 Pick. 238 ; and *Willis* v. *Crooker,* 1 Pick. 204.

*Byington,* for the plaintiff.

SHAW, C. J. The rule, that a promissory note may be given in evidence under a count for money had and received, proves that such declaration embraces such cause of action, and that the offer of the notes is not the introduction of a new cause of action. The pleading, and the proof, and the course of trial, are the same, whether a cause is defended by he original defendant or by a subsequent attaching creditor.

*Exceptions overruled.*